# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## AT CINCINNATI, OHIO

| | | |
|---|---|---|
| **ASBESTOS WORKERS LOCAL #8** | : | Case No. 19-cv-113 |
| **RETIREMENT TRUST FUND** | : | |
| | : | Judge |
| SUITE 302 | : | |
| 2300 MONTANA AVENUE | : | COMPLAINT FOR VIOLATION OF |
| CINCINNATI, OHIO 45211 | : | ERISA, AN AUDIT AND ACCOUNTING, |
| | : | MONEY DAMAGES, ATTORNEYS' |
| AND | : | FEES AND INJUNCTIVE RELIEF |
| | : | |
| | : | |
| PLAINTIFF; | : | |
| | : | |
| -vs- | : | |
| | : | |
| **R. KELLY, INC.** | : | |
| 7645 PRODUCTION DRIVE | : | |
| CINCINNATI, OHIO 45237 | : | |
| | : | |
| DEFENDANT | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## STATEMENT OF THE CASE

1.      This is a suit brought by an employee benefit plan against an employer, for violation of ERISA, Title 29 U.S.C. §1145. The suit seeks delinquent employer contributions, pre-judgment interest, liquidated damages, attorneys' fees and costs of this action, and equitable relief pursuant to the provisions of the Employee Retirement Income Security Act of 1974, as amended (herein ERISA). This suit also seeks post-judgment interest pursuant to Title 28 U.S.C. §1961.

## PARTIES -PENSION TRUST

2.      The Plaintiff, ASBESTOS WORKERS LOCAL #8 RETIREMENT TRUST FUND (herein the PENSION TRUST) was created pursuant to a written Agreement and Declaration of Trust (herein the Pension Trust Agreement), as amended from time to time, entered into on July 17, 1961, between the International Association of Heat & Frost Insulators and Asbestos Workers Local #8 (herein the Union) and the Insulation Contractors of Cincinnati (the employer association).

3.      The PENSION TRUST was created for the purpose of providing pension, retirement and death benefits for participating employees and their beneficiaries. The PENSION TRUST is an employee pension plan within the meaning of ERISA, Title 29 U.S.C. §1002(3).

## PARTIES - R. KELLY, INC.

4.      The Defendant, R. KELLY, Inc. , (herein R. KELLY ), is an employer within the meaning of ERISA, Title 29 U.S.C. §1002(5) and §1145.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked pursuant to ERISA, Title 29 U.S.C.

§1132(a)(3), §1132(e)(1), §1132(f) and §1132(g)(2), which statutes provide that the

United States District Court shall have exclusive jurisdiction, without regard to the

amount in controversy or the citizenship of the parties, to enforce the

provisions of ERISA, or the terms of the plan, or to remedy violations of Title 29

U.S.C. §1145.

6.      The principal place of operation and administration of the PENSION TRUST,

is located at Cincinnati, Hamilton County, State of Ohio, and as such is within the

jurisdiction of the United States District Court for the Southern District of Ohio,

Western Division, pursuant to Title 28 U.S.C. §115(b)(1).

7.      This action is properly brought in the United States District Court for the

Southern District of Ohio, Western Division, pursuant to Title 29 U.S.C. §1132(e)(2),

which provides that actions to redress violations of ERISA may be brought in a

district court of the United States where the plan is administered, and process may

be served in any other district where a defendant resides or may be found.

## STANDING

8.      Pursuant to Title 29 U.S.C. §1132(d)(1) the PENSION TRUST, may sue, as an

entity, for the relief sought in this case.

## PLAINTIFF IS A MULTIEMPLOYER PLAN
## WITHIN THE MEANING OF ERISA

9.      The PENSION TRUST is maintained pursuant to one or more collective bargaining agreements between one or more labor organizations and more than one employer, said collective bargaining agreements require more than one employer to contribute to the Trust, and the PENSION TRUST is a multiemployer plan within the meaning of ERISA, Title 29 U.S.C. §1002(37)(A).

## RELEVANT COLLECTIVE BARGAINING AGREEMENTS

10.      At all times relevant to this suit, R. KELLY has been bound to the terms of one or more collective bargaining agreements with the International Association of Heat & Frost Insulators and Allied Workers, Local #8, which collective bargaining agreements established the wages, hours, terms and conditions of employment of certain bargaining unit employees of R. KELLY covered by the agreements. (Herein the Local #8 labor agreements).

11.      Among the wages, hours, terms and conditions of employment established by the Local #8 labor agreements was the requirement that R. KELLY contribute a certain amount per hour for each covered employee to the PENSION TRUST.

12.      The above referenced Local #8 labor agreements obligated R. KELLY to make contributions to a multiemployer plan or plans within the meaning of ERISA, Title 29 U.S.C. §1145.

13.        ERISA, Title 29 U.S.C. §1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

## THE TRUSTEES' COLLECTION POLICY

14.        The Trustees of the Pension Trust , pursuant to the Trust Agreements establishing the employee benefit plans, have adopted rules and regulations concerning employer contributions, herein the Collection Policy.

15.        Pursuant to the collection policy employer contributions are due on the 15th day of the month immediately following the month in which covered employees perform services for which employer contributions are due. For example, employer contributions for work in January is due on February 15. Employers are given a five day grace period before late charges, interest and liquidated damages are assessed.

16.        Pursuant to the collection policy an employer who submits employer contributions after the expiration of the grace period is assessed a $25.00 late fee, interest on the employer contributions at 20% per annum; and an amount equal to the interest charge as liquidated damages.

17.        The above referenced Collection Policy constitutes terms and conditions of the employee benefit plans within the meaning of Title 29 U.S.C. §1145.

## THE DEFENDANT IS DELINQUENT IN ITS CONTRIBUTIONS
## TO THE TRUST IN VIOLATION OF ERISA, TITLE 29 U.S.C. §1145

18.     R. KELLY  has employed employees whose wages, hours, terms and conditions of employment are covered by the terms of the Local #8 labor agreements, which terms and conditions of employment require R. KELLY to make employer contributions to the PENSION TRUST.

19.     R. KELLY has failed and refused to make employer contributions to the PENSION TRUST,  on behalf of its covered employees, for the period of July, 2018, to present, in an amount which is estimated to be in excess of $100,000.00, as is required by the terms of the Trust Agreements and the Local #8 labor agreements, and is delinquent to the PENSION TRUST, in violation of the terms of the Trust Agreements and the Local #8 labor agreements.

20.     As a result of the failure to make  employer contributions alleged above, R. Kelly is liable for late fees, interest and liquidated damages pursuant to the Trustees Collection Policy.

21.      Despite repeated attempts by the Pension Trust to obtain voluntary compliance by R. Kelly, R. Kelly has failed and refused to pay employer contributions, late fees, interest and liquidated damages as previously alleged.

22.     R. KELLY's  failure and refusal to pay employer contributions, late fees, interest and liquidated damages in connection with delinquent employer contributions to the PENSION TRUST is in violation of ERISA, Title 29 U.S.C. §1145.

**COUNT I**

**PENSION TRUST'S CLAIMS AGAINST THE DEFENDANT**
**R. KELLY, INC.**

23.        The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

24.        Article V, Section 1 of the Pension Trust Agreement provides that employers, such as R. KELLY shall make contributions to the PENSION TRUST as shall be provided by the terms of the Local #8 labor agreements previously alleged.

25.        R. KELLY has failed and refused to make employer contributions to the Pension Trust in an amount estimated to be in excess of $100,000.00 for the months of July, 2018 to the present.

26.        R. KELLY also owes to the PENSION TRUST late fees, pre-judgment interest and liquidated damages which have not been paid by R. KELLY for the months of July 2018, to the present.

27.        As a result of R. KELLY'S failure and refusal to submit timely monthly employer contributions and to comply with the Collection Policy the PENSION TRUST has been forced to bring this legal action, and is entitled to its costs and reasonable attorneys' fees pursuant to Article V, Section 4 of the Pension Trust Agreement, and ERISA, Title 29 U.S.C. §1132(g)(2)(D).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, Asbestos Workers Local #8 Retirement Trust Fund pray this Court to:

a.  Award judgment in its favor and against the Defendant R. Kelly, Inc. for delinquent employer contributions for the months of July, 2018, to the present, and any additional employer contributions which may be due and owing the Plaintiffs from the filing of the Complaint to the date of judgment pursuant to ERISA, Title 29 U.S.C. §1132(g)(2)(A),

b   Award judgment in its favor and against the Defendant R. KELLY, INC. for liquidated damages and late fees which may be due and owing the Plaintiffs pursuant to ERISA, Title 29 U.S.C. §1132(g)(2)(C) and the provisions of the Pension Trust Agreement.

c   Award judgment in its favor and against the Defendant R. KELLY, INC., for pre-judgment interest on the unpaid employer contributions which may be owing, pursuant to ERISA, Title 29 U.S.C. §1132(g)(2)(B) and the provisions of the Pension Trust Agreement.

d   Award judgment in its favor and against the Defendant R. KELLY, INC., for the Plaintiffs' reasonable attorneys' fees and costs of the action pursuant to ERISA, Title 29 U.S.C. §1132(g)(2)(D) the terms of the Pension Trust Agreement.

e   Award in their favor and against the Defendant R. KELLY, INC., post-judgment interest, pursuant to Title 28 U.S.C. §1961.

f   Permanently enjoin the Defendant R. KELLY, INC., from future violations of

ERISA, Title 29 U.S.C. §1145 with respect to the PENSION TRUST, pursuant to ERISA, Title 29 U.S.C. §1132(g)(2)(E);

g    Order such other legal or equitable relief as the Court deems appropriate, pursuant to ERISA, Title 29 U.S.C. §1132(g)(2)(E), to effectuate the purposes of ERISA, Title 29 U.S.C. §1145.

Respectfully submitted,

s/ Gary M. Eby

Gary Moore Eby (0023476)

MANLEY BURKE CO. LPA
225 West Court Street
Cincinnati, Ohio 45202-1053

Tel:  (513) 763-6749
Fax: (513) 763-6448

garyeby@manleyburke.com

Trial Attorney for Plaintiff